Order Filed on
9/15/2009
by Clerk U.S. Bankruptcy
Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
**Caption in compliance with D.N.J. LBR 9004-2(c)**

**LOWENSTEIN SANDLER PC**
Kenneth A. Rosen (KR 4963)
Jeffrey D. Prol (JP 7454)
65 Livingston Avenue
Roseland, New Jersey 07068
Tel:  973-597-2500
Fax:  973-597-2400

*-and-*

**STROOCK & STROOCK & LAVAN LLP**
Kristopher M. Hansen (KH 4679)
Curtis C. Mechling (CM 5957)
Erez E. Gilad (EG 7601)
180 Maiden Lane
New York, New York 10038
Tel:  212-806-5400
Fax:  212-806-6006

*Co-Counsel to Ad Hoc Committee of Holders of 8.5% Senior Secured Notes Due 2015*

In re:

TCI 2 HOLDINGS, LLC, et al.,

                    Debtors.

Case No.: 09-13654 (JHW)

Judge: Judith H. Wizmur
Chapter 11

Hearing Date:  August 27, 2009

**ORDER GRANTING MOTION OF THE AD HOC COMMITTEE OF HOLDERS OF THE
8.5% SENIOR SECURED NOTES DUE 2015 FOR APPOINTEMENT OF EXAMINER
PURSUANT TO SECTION 1104 OF THE BANKRUPTCY CODE**

The relief set forth on the following is hereby

**DATED: 9/15/2009**
**ORDERED**

Judith H. Wizmur, Chief Judge
United States Bankruptcy Court

Page:     2
In re:    TCI 2 HOLDINGS, LLC, *et al.*
Case No:  09-13654 (JHW)
Caption:  ORDER GRANTING MOTION OF THE AD HOC COMMITTEE OF HOLDERS OF THE 8.5% SENIOR SECURED NOTES DUE 2015 FOR APPOINTMENT OF EXAMINER PURSUANT TO SECTION 1104 OF THE BANKRUPTCY CODE

---

Upon consideration of the Motion for an Order Directing the Appointment of an Examiner pursuant to 11 U.S.C. § 1104(c) (the "Motion") brought by the Ad Hoc Committee of Holders of 8.5% Senior Secured Notes Due 2015 (the "Ad Hoc Committee") and the Court having considered the Motion and any objections thereto, and notice of the Motion having been given to all parties in interest, and the Court having found cause for the appointment of an Examiner pursuant to 11 U.S.C. § 1104(c) for the reasons, findings and conclusions stated on the record at the hearing held before the Court and incorporated herein; it is

**HEREBY ORDERED AS FOLLOWS**:

1. The Acting United States Trustee is directed to appoint an Examiner pursuant to 11 U.S.C. § 1104(c).

2. The Examiner shall:  (a) investigate the negotiating process on the selection of the Beal/Trump plan, the considerations of the Debtors in terms of the desirability of that plan over the Ad Hoc Committee's plan, how that process went forward and the role of Mr. Trump in that context; and (b) otherwise perform, to the extent further directed by the Court upon notice and a hearing, such other duties as set forth in 11 U.S.C. § 1106(a)(3) and 11 U.S.C. § 1106(a)(4) of the Bankruptcy Code (collectively the "Investigation").

3. Within ten (10) business days after entry of this Order, the Examiner shall propose a work plan and shall provide his or her estimated costs to complete the Investigation, which shall be subject to the approval of the Court on ten (10) days notice to all parties that have requested notice pursuant to Federal Rule of Bankruptcy Procedure 2002.

*Approved by Judge Judith H. Wizmur September 15, 2009*

Page:     3
In re:    TCI 2 HOLDINGS, LLC, *et al.*
Case No:  09-13654 (JHW)
Caption:  ORDER GRANTING MOTION OF THE AD HOC COMMITTEE OF HOLDERS OF THE 8.5% SENIOR SECURED NOTES DUE 2015 FOR APPOINTMENT OF EXAMINER PURSUANT TO SECTION 1104 OF THE BANKRUPTCY CODE

---

4. The Examiner, the Debtors, Mr. Trump, Beal Bank, the Ad Hoc Committee or the Acting United States Trustee and other parties in interest shall have the right to petition the Court to further expand the scope of the Investigation if during the Investigation other relevant matters are revealed which such party believes should be brought to the attention of the Court.

5. The Debtors, Beal Bank, Mr. Trump, the Ad Hoc Committee and other parties in interest shall fully cooperate with the Examiner in conjunction with the performance of any of the Examiner's duties and the Investigation, and the Debtors, Beal Bank, Mr. Trump, the Ad Hoc Committee (each, a "Party" and together, the "Parties") and other parties in interest shall use their respective best efforts to coordinate with the Examiner to avoid unnecessary interference with or duplication of the Investigation and discovery efforts.  Solely in connection with the confirmation process and the Investigation, (a) any discovery taken by any Party shall include the Examiner, and any depositions or document requests made by the Examiner shall include the Parties, and (b) to the extent that a deposition of a witness is scheduled, that witness shall only be deposed once by the Parties and the Examiner, subject to further order of this Court or agreement by the Parties.

6. Until the Examiner has filed his or her report, neither the Examiner nor the Examiner's representatives or agents shall make any public disclosures concerning the Investigation or the Examiner's duties.

7. The Examiner may retain counsel and other professionals if he or she determines that such retention is necessary to discharge his or her duties, with such retention to be subject to Court approval under standards equivalent to those set forth in 11 U.S.C. § 327.

*Approved by Judge Judith H. Wizmur September 15, 2009*

Page: 4
In re: TCI 2 HOLDINGS, LLC, *et al.*
Case No: 09-13654 (JHW)
Caption: ORDER GRANTING MOTION OF THE AD HOC COMMITTEE OF HOLDERS OF THE 8.5% SENIOR SECURED NOTES DUE 2015 FOR APPOINTMENT OF EXAMINER PURSUANT TO SECTION 1104 OF THE BANKRUPTCY CODE

---

8. The Examiner and any court-approved professionals retained by the Examiner shall be compensated and reimbursed for their expenses pursuant to procedures for interim compensation and reimbursement of expenses of professionals that are established in this case. Compensation and reimbursement of the Examiner shall be determined pursuant to 11 U.S.C. § 330, and compensation and reimbursement of the Examiner's professionals shall be determined pursuant to standards equivalent to those set forth in 11 U.S.C. § 330.

9. The Examiner shall have the standing of a "party-in-interest" with respect to the matters that are within the scope of the Investigation and shall be entitled to appear and be heard at any and all hearings in this case.

10. The rights of each of Beal Bank, the Debtors, Donald Trump, the Ad Hoc Committee and parties in interest under the Bankruptcy Code, the Bankruptcy Rules, the *Final Order (I) Authorizing Use of Cash Collateral Pursuant to Section 363 of the Bankruptcy Code and (II) Providing Adequate Protection to Prepetition Secured Parties Pursuant to Sections 361, 362, 363 and 364 of the Bankruptcy Code*, dated March 23, 2009 [D.I. 157] and applicable state law are hereby expressly reserved.

*Approved by Judge Judith H. Wizmur September 15, 2009*