| UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEW JERSEY | |
|---|---|
| **Caption in compliance with D.N.J. LBR 9004-2(c)** | |
| **McCARTER & ENGLISH, LLP**<br>Charles A. Stanziale, Jr.<br>Joseph Lubertazzi, Jr.<br>Lisa S. Bonsall<br>Jeffrey T. Testa<br>Four Gateway Center, 100 Mulberry Street<br>Newark, NJ 07102<br>Telephone: (973) 622-4444<br>Facsimile: (973) 624-7070<br><br>- and -<br><br>**WEIL, GOTSHAL & MANGES LLP**<br>Michael F. Walsh<br>J. Philip Rosen<br>Ted S. Waksman<br>767 Fifth Avenue<br>New York, NY 10153<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>*Counsel and Co-Counsel for Debtors and Debtors in Possession* | **LOWENSTEIN SANDLER PC**<br>Kenneth A. Rosen<br>Jeffrey D. Prol<br>65 Livingston Avenue<br>Roseland, New Jersey 07068<br>Telephone: (973) 597-2500<br>Facsimile: (973) 597-2400<br><br>- and -<br><br>**STROOCK & STROOCK & LAVAN LLP**<br>Kristopher M. Hansen<br>Curtis C. Mechling<br>Erez E. Gilad<br>Matthew Garofalo<br>180 Maiden Lane<br>New York, New York 10038<br>Telephone: (212) 806-5400<br>Facsimile: (212) 806-6006<br><br>*Co-Counsel to Ad Hoc Committee of 8.5% Senior Secured Notes Due 2015* |
| In re:<br><br>TCI 2 HOLDINGS, LLC, et al.,<br><br>      Debtors. | Chapter 11 Case No.<br>09-13654 (JHW)<br><br>(Jointly Administered) |

**NOTICE OF FILING OF (I) MODIFIED AMENDED AND RESTATED DEBTOR IN POSSESSION FINANCING COMMITMENT LETTER; (II) MODIFIED SUPPLEMENTAL DEBTOR IN POSSESSION FINANCING COMMITMENT LETTER; (III) MODIFIED FORM OF SECURED DEBTOR IN POSSESSION FINANCING NOTE PURCHASE AGREEMENT; (IV) MODIFIED FORM OF SUPPLEMENTAL SECURED DEBTOR-IN-POSSESSION FINANCING NOTE PURCHASE AGREEMENT; AND (V) <u>MODIFIED FORM OF PROPOSED ORDER</u>**

On March 2, 2010, TCI 2 Holdings, LLC and its debtor affiliates (collectively the

"<u>Debtors</u>"), as debtors and debtors in possession in the above-captioned chapter 11 cases, filed

the *Debtors' Motion For Entry of an Order (I) Authorizing Borrowing With Priority Over*

*Administrative Expenses and Secured by Liens On Property of the Estates Pursuant to Sections 364(c) and (d) of the Bankruptcy Code, (II) Continuing Adequate Protection Therefor Pursuant to Sections 361 and 363 of the Bankruptcy Code and Bankruptcy Rule 4001, (III) Modifying the Automatic Stay, and (IV) Amending the Cash Collateral Order* [D.I. 1276] (as amended, supplemented or modified, the "DIP Motion"), seeking, among other things, authorization for the Debtors to incur up to $45 million in debtor-in-possession financing on terms and conditions described therein.[1]

On March 16, 2010, the Debtors filed the *Notice Of Filing Of: (I) Amended And Restated Debtor In Possession Financing Commitment Letter; (II) Supplemental Debtor In Possession Commitment Letter; (III) Form Of Debtor In Possession Financing Note Purchase Agreement; And (IV) Form Of Supplemental Debtor In Possession Note Purchase Agreement* [D.I. 1371], pursuant to which the DIP Note Purchasers agreed to modify the proposed DIP financing to provide for junior DIP financing under certain terms and conditions, including the condition that the Debtors obtain an order from the Bankruptcy Court terminating the obligation to make any further adequate protection payments to or for the benefit of the First Lien Lenders.

The DIP Note Purchasers have agreed to further modifications to the proposed debtor-in-possession financing, to provide junior DIP Financing (the "Junior DIP Facilities") without first requiring the Debtors to obtain an order from the Bankruptcy Court terminating the obligation to make any further adequate protection payments to or for the benefit of the First Lien Lenders, subject however to the condition that the Court order approving the Junior DIP Facilities include a provision (the "Proceeds Limitation Clause") stating that no proceeds from the Junior DIP

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the proposed order attached hereto.

Facility shall be used to make any adequate protection payments to or for the benefit of the First Lien Lenders.[2]

In addition, the DIP Note Purchasers have added provisions to the Junior DIP Facility to further clarify that (in the event that the Court approves the Proceeds Limitation Clause) the obligations of the Debtors under the Junior DIP Facility and the liens and security interests granted under the Junior DIP Facility will be subordinated in right of payment and junior to the Prepetition First Lien Obligations and the liens and security interests granted under the Prepetition First Lien Financing Documents, as set forth in Annex A attached to each of the DIP Agreements and the proposed form of Order.

Accordingly, the following documents are attached hereto:

- Exhibit A: Modified Amended and Restated Commitment Letter for the $24,000,000 Secured Debtor-In-Possession Facility;

- Exhibit B: Modified Commitment Letter for the $21,000,000 Secured Supplemental Debtor-In-Possession Facility;

- Exhibits C and D: Redlines of each of Exhibits A and B, respectively, against the commitment letters filed on March 16, 2010;

- Exhibits E and F: Form of the modified $24,000,000 Secured Debtor-In-Possession Note Purchase Agreement and modified $21,000,000 Supplemental Secured Debtor-In-Possession Note Purchase Agreement, respectively;

- Exhibits G and H: Marked pages of each of Exhibits E and F, reflecting all changes made to the versions filed on March 16, 2010;

- Exhibits I and J: Clean and redlined versions of the form of proposed Order. The attached form of Order assumes that the Court will approve the proposed DIP financing on a junior basis relative to the Prepetition First Lien Obligations and Prepetition First Lien Lender Liens with the Proceeds Limitation Clause. In the

---

[2] In the event the Court determines that the Proceeds Limitation Clause cannot be approved, then the DIP Note Purchasers remain committed to provide DIP financing on a *pari passu* basis relative to the Prepetition First Lien Obligations and Prepetition First Lien Lender Liens.

event the Court determines that that the Proceeds Limitation Clause cannot be approved, then the DIP Note Purchasers have committed to provide financing on a *pari passu* basis relative to the liens and obligations incurred under the Prepetition First Lien Financing Documents, and the relevant terms of the attached form of Order would be modified accordingly.

PLEASE TAKE NOTICE THAT, in the event the Court determines to confirm the AHC/Debtor Plan, the hearing to consider the DIP Motion will take place on April 15, 2010 at 10:00 a.m. New York time. In the event that the Court determines to confirm the Icahn/Beal Plan, then no such hearing shall take place. All rights of the Debtors and the DIP Note Purchasers are hereby expressly reserved.

Dated:  April 8, 2010

Respectfully submitted,

McCARTER & ENGLISH, LLP
Four Gateway Center, 100 Mulberry Street
Newark, NJ 07102
Telephone: (973) 622-4444
Facsimile: (973) 624-7070
Charles A. Stanziale, Jr.
Joseph Lubertazzi, Jr.
Lisa S. Bonsall
Jeffrey T. Testa

*Co-Counsel for Debtors and Debtors in Possession*

- and -

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Michael F. Walsh
J. Philip Rosen
Ted S. Waksman

*Co-Counsel for Debtors and Debtors in Possession*

EXHIBIT A

EXHIBIT B

# EXHIBIT C

EXHIBIT D

# EXHIBIT E

EXHIBIT F

# EXHIBIT G

# EXHIBIT H

EXHIBIT I

EXHIBIT J